This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39329

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DANIEL MCKINLEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Court Judge**

Raúl Torrez, Attorney General
Lindsay Stuart, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** A jury convicted Defendant Daniel McKinley of three counts of trafficking a controlled substance (by possession with intent to distribute) (habitual offender), contrary to NMSA 1978, Section 30-31-20(A)(3) (2006); one count of conspiracy to commit trafficking a controlled substance (by possession with intent to distribute), contrary to Section 30-31-20(A)(3) and NMSA 1978, Section 30-28-2 (1979); two counts of tampering with evidence, contrary to NMSA 1978, Section 30-22-5 (2003); two counts

of conspiracy to commit tampering with evidence, contrary to Section 30-22-5 and Section 30-28-2; one count of receiving stolen property (firearm), contrary to NMSA 1978, Section 30-16-11(A), (I) (2006); and one count of receipt, transportation, or possession of a firearm or destructive device (felon), contrary to NMSA 1978, Section 30-7-16(A)(1) (2018, amended 2022). Defendant argues on appeal that his convictions for conspiracy to commit trafficking a controlled substance and two counts of conspiracy to commit tampering with evidence violate his double jeopardy rights because the convictions are based on unitary conduct.[1] We hold that Defendant's multiple conspiracy convictions violated his double jeopardy rights. We therefore reverse and remand for proceedings consistent with this opinion.

**{2}**     Because this is a memorandum opinion, the parties are familiar with the facts and procedural history and the parties' positions on appeal, we discuss the facts only as they become necessary to our analysis.

## DISCUSSION

**{3}**     Defendant argues that the State failed to establish distinct conspiracies for trafficking a controlled substance, tampering with evidence for hiding the controlled substances, and tampering with evidence for hiding the firearms at trial, and therefore the two convictions for conspiracy to commit tampering with evidence must be vacated. The State concedes Defendant's convictions for two counts of conspiracy to commit tampering with evidence violate double jeopardy and should be vacated. However "we are not bound by the [s]tate's concession, . . . we independently assess [the d]efendant's" argument on appeal. *State v. Comitz*, 2019-NMSC-011, ¶ 25, 443 P.3d 1130. We review a claim of double jeopardy de novo. *State v. Swick*, 2012-NMSC-018, ¶ 10, 279 P.3d 747.

**{4}**     Our Federal and State Constitutions guarantee that no person shall be "twice put in jeopardy for the same offense." N.M. Const. art. II, § 15; *see* U.S. Const. amend. V. "Double jeopardy protects against both successive prosecutions and multiple punishments for the same offense." *State v. Carson*, 2020-NMCA-015, ¶ 31, 460 P.3d 54 (citation omitted) (text only). Defendant's appeal involves the latter—"specifically a 'unit of prosecution' claim"—where a defendant "argues he has been charged with multiple violations of a single statute based on a single course of conduct." *Id.*

**{5}**     For a unit of prosecution analysis of multiple conspiracy charges, our Supreme Court concluded that "based on the text, history, and purpose of our conspiracy statute the Legislature established a rebuttal presumption that multiple crimes are the object of only one overarching, conspiratorial agreement subject to one, severe punishment set

---

1Defendant also made an ineffective assistance of counsel argument on appeal, but concedes this argument in his reply brief because the record is not adequate for our review on this issue. *State v. Crocco*, 2014-NMSC-016, ¶ 15, 327 P.3d 1068 ("Without an adequate record, an appellate court cannot determine that trial counsel provided constitutionally ineffective assistance."). As the parties agree on appeal, when the record is inadequate for review, "[r]ather than remand the case to the trial court for further hearings, this Court has a general preference that such claims be brought and resolved through habeas corpus proceedings." *State v. Bernal*, 2006-NMSC-050, ¶ 33, 140 N.M. 644, 146 P.3d 289.

at the highest crime conspired to be committed." *Comitz*, 2019-NMSC-011, ¶ 33 (citation omitted) (text only). "At trial, the state has an opportunity to overcome the Legislature's presumption of singularity, but doing so requires the state to carry a heavy burden." *Id.* (internal quotation marks and citation omitted).

**{6}** The State may overcome this presumption through a totality of the circumstances test. We consider "whether the alleged conspiracies (1) have the same location, (2) overlap significantly in time, (3) involve the same or overlapping personnel, (4) involves similar overt acts charged against the defendant, and (5) involve the defendant performing a similar role." *Id.* ¶ 34.

**{7}** Based on our review of the record and Defendant's arguments, we agree that the State did not rebut the presumption that Defendant's "actions were all part of one, overarching conspiratorial agreement" to traffic controlled substances. *Id.* ¶ 36. The State argued in closing that multiple conspiracies were created because Defendant and the coconspirators adapted to the presence of police at the White Sands Mall where Defendant hid the controlled substances, which lead to the conspirators hiding the firearms at the Suburban Inn. Although the State presented evidence of multiple crimes, this does not establish the existence of multiple agreements needed to support multiple conspiracies. *See State v. Gallegos*, 2011-NMSC-027, ¶ 62, 149 N.M. 704, 254 P.3d 655 (concluding that the original conspiracy may expand to the commissions of other, new criminal acts without creating a new agreement and "should be understood as one aspect of a larger continuous combination" of acts in furtherance of the conspiracy). Without evidence of multiple agreements, the State cannot rebut our Legislature's presumption of singularity of conspiracy.

**{8}** Defendant's three conspiracy convictions violate double jeopardy because Defendant's actions here were all part of one, overarching conspiracy. Because the highest crime conspired to was trafficking a controlled substance (by possession with intent to distribute) (habitual offender), this conspiracy conviction is affirmed. *See Comitz*, 2019-NMSC-011, ¶ 36. *Compare* § 30-31-20(B)(2) ("A person who violates this subsection is . . . for the second and subsequent offenses, guilty of a first degree felony."), *with* § 30-22-5(B)(1) ("[I]f the highest crime for which tampering with evidence is committed is a capital or first degree felony or a second degree felony, the person committing tampering with evidence is guilty of a third degree felony."), *and* § 30-22-5(B)(2) ("[I]f the highest crime for which tampering with evidence is committed is a third degree felony or a fourth degree felony, the person committing tampering with evidence is guilty of a fourth degree felony.").

**CONCLUSION**

**{9}** For the forgoing reasons, we vacate Defendant's two convictions for conspiracy to commit tampering with evidence, reverse, and remand for proceedings consistent with this opinion.

**{10}  IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**